IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| TITUS THOMAS, | * | |
| :--- | :---: | :--- |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. AW-08-2156 |
| | * | |
| SGT. BELL, et al., | | |
| Defendants. | * | |
| | ****** | |

| TITUS THOMAS, | * | |
| :--- | :---: | :--- |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. AW-08-3487 |
| | * | |
| OFFICER ETIM, et al., | | |
| Defendants. | * | |
| | ****** | |

| TITUS THOMAS, | * | |
| :--- | :---: | :--- |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. AW-09-1984 |
| | * | |
| HEARING OFFICER PETER M. JUKNELIS, et al., | | |
| Defendants. | * | |
| | ****** | |

| TITUS THOMAS, | * | |
| :--- | :---: | :--- |
| Plaintiff, | | |
| | * | |
| v. | | CIVIL ACTION NO. AW-09-2051 |
| | * | |
| JANEL WILLIS, et al., | | |
| Defendants. | * | |
| | ****** | |

## **MEMORANDUM OPINION**

On August 18, 2008, the Court received Plaintiff Thomas Titus's civil rights complaint in Civil Action No. AW-08-2156. Thomas, then incarcerated at the Jessup Correctional Institution ("JCI"), alleged that Sgt. Bell, along with other officers from the Maryland Correctional Training Center ("MCTC") and inmates at JCI, were conspiring to harass him and threatening to make "the

hit on the Plaintiff life." Paper No. 1. Plaintiff further alleges that Bell "assaulted" him. *Id*. Plaintiff later amended his complaint to include Sgt. Owens and Officer Williams. Paper Nos. 1 and 5, Civil Action No. AW-08-2156.

On December 30, 2008, Plaintiff filed a civil rights complaint against Officers Etim, Smith, Miles, Ikeadio, Blackwell, and Johnson, wherein he alleged that Defendants were conspiring with other officers at MCTC, JCI, JPRU and BCF to solicit inmates to harass and threaten him. Civil Action No. AW-08-3487. Paper No. 1

On July 28, 2009, Plaintiff filed another civil rights complaint alleging Hearing Officer Peter Juknelis and Officer Amaghionyeodiwe conspired together and with other officers to have inmates threaten and harass Plaintiff during his incarceration at the Maryland Correctional Institution-Jessup ("MCI-J"). Paper No. 1, Civil Action No. AW-09-1984. Plaintiff further alleged that Amaghionyeodiwe wrote a false infraction ticket against him on June 19, 2009, and that he was unjustly found guilty of the rule infraction by Juknelis during the resulting administrative hearing. *Id*.

On August 4, 2009, the Court received a civil rights complaint filed by Plaintiff alleging that Defendants Janel Willis, Hearing Officer George Gregory, and Officers Williams and Robe conspired to take a hit out on his life in a murder-for-hire plot. Plaintiff further alleged that on March 6, 2009, Willis wrote Plaintiff a ticket for refusing to participate in the "ITP program," and he was found guilty of the rule infraction on March 18, 2009. Based on these actions, Plaintiff contends that Defendants joined the conspiracy to punish, harass, and threaten him. Paper No. 1, Civil Action No. AW-09-2051.

Because the four complaints raise similar claims of wide-ranging conspiracy among correctional employees at a variety of institutions, the matter shall be consolidated for dispositive

2

review.

Defendants Stacey Bell, Apera Bell and Alonzo Owens[1] have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 44, Civil Action No. AW-08-2156. Defendants Juknelis and Amaghionyeodiwe have also filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 12, Civil Action No. AW-09-1984. Plaintiff has filed oppositions. Paper Nos. 48 and 49, Civil Action No. AW-08-2156; Paper Nos. 15, and 19, Civil Action No. AW-09-1984. Plaintiff has also filed a cross-motion for summary judgment to which Defendants have responded. Paper Nos. 14, and 19, Civil Action No. AW-09-1984. Service has not been accepted on behalf of any Defendants in Civil Action Nos. AW-08-3487 and AW-09-2051.

No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motions filed by Defendants, treated as motions for summary judgment, will be granted.

**Background**

Plaintiff filed a Request for Administrative Remedy concerning an alleged assault by Sgt. Apera Bell. Paper No. 44, Ex. 4, Civil Action No. AW-08-2156. The ARP was investigated, determined to be meritless, and dismissed. Plaintiff did not note an appeal. Plaintiff did not file any ARP regarding Stacey Bell or Sgt. Owens.

On June 19, 2009, at MCI-J, Amaghionyeodiwe conducted a stand up count on Plaintiff's tier. When she arrived at Plaintiff's cell Plaintiff was asleep. Amaghionyeodiwe ordered Plaintiff to stand up and bring his identification to the door. He refused. Amahionyeodiwe advised Plaintiff

---

[1] Plaintiff's initial complaint listed "Officer Bell" as the named Defendant; he later identified this individual as Stacy Bell. However, all institutional records indicate Plaintiff dealt with Apera Bell. As such, counsel for Defendant has filed the Motion on behalf of both Stacy and Apera Bell. The Clerk shall amend the docket to reflect that Apera Bell is also named as a Defendant in Civil Action No. AW-08-2156.

3

that he would receive a ticket.  Plaintiff was charged with violating Rule 312 ("interfering with or resisting the duties of staff; refusing to permit a search of person, property, location or assigned area,") DCD 105-5m, V-C, and Rule 400 ("disobeying a direct lawful order.") DCD105-5, V-D. Paper No. 12, Ex. B and C, Civil Action No. AW-09-1984.

On July 1, 2009, a hearing was conducted by Hearing Officer Juknelis regarding these rule infractions. *Id.*, Ex. C. Plaintiff waived his right to call any witnesses, arguing that the infractions were fabricated and part of the conspiracy by correctional officers to harass him. Juknelis reviewed Amaghionyeodiwe's Notice of Inmate Rule Violation, listened to Plaintiff testimony, and found Plaintiff guilty of the charged rule infractions. He was sentenced to a total term of 90 days segregation. *Id.*

On July 27, 2009, Plaintiff submitted an ARP accusing Amaghionyeodiw of lying on the ticket. *Id.*, Ex. C. The ARP was dismissed for procedural reasons. Plaintiff failed to resubmit the ARP as instructed. He appealed to the Commissioner of Correction on August 7, 2009. The appeal was dismissed for procedural reasons because he failed to resubmit his requested in accordance with instructions. *Id.* Plaintiff did not appeal to the Inmate Grievance Office. *Id.*, Ex. E.

Plaintiff's claims that correctional personnel at various institutions were conspiring to kill him was referred to the Department of Public Safety and Correctional Services Internal Investigative Unit ("IIU") for investigation. Paper No. 44, Ex. 1, Civil Action No. AW-08-2156; Paper No. 18, Ex. A, Civil Action No. AW-09-1984. After a four-month investigation in which each named alleged conspirator and inmate was interviewed and medical records, adjustment records, transfer records, administrative remedy requests, and the like were reviewed, the investigator concluded that there was no evidence that any staff or inmates were conspiring to "do or procure any plan to do

harm to inmate Titus Thomas." Paper No. 44, Ex. 1, p. 22, Civil Action No. AW-08-2156. The medical records reviewed during the internal investigation, and attached thereto, indicate that Plaintiff suffers from "fixed paranoid delusion." Paper No. 18, Ex. A, p. 22, Ex. 39, Civil Action No. AW-09-1984.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

**A. Exhaustion**

The Court must next examine Defendants' assertion that Plaintiff's cases should be dismissed in their entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase*, 582 F.Supp.2d at 530; *see also Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance

process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

It is clear that Plaintiff failed to exhaust his specific allegations regarding false infractions reports, the alleges assault by Bell, and the conduct of his administrative hearings. While Plaintiff instituted ARPs regarding of these complaints, he failed to follow through with full exhaustion of each of the claims. As such, these claims shall be dismissed.

Defendants further maintain that Plaintiff's claim regarding conspiracy and harassment should likewise be dismissed due to Plaintiff's failure to exhaust his administrative remedies. Plaintiff did file ARPs regarding the alleged conspiracy, but more importantly, an internal investigation was ordered which appears to have taken this claim out of the typical administrative remedy process. Given the information before the Court, the court cannot say that Plaintiff failed to

7

exhaust his "available" remedies by submitting to the internal investigation process.[2]

**B.     Conspiracy**

As noted above, as a result of Plaintiff's repeated allegations of conspiracy amongst correctional staff throughout the Division of Correction, an internal investigation was ordered. The investigative officer interviewed each named correctional employees as well as inmates alleged by Plaintiff to be participants in the conspiracy. Plaintiff was also interviewed and his institutional records scrutinized. Many of the correctional employees had no knowledge of Plaintiff. Others knew Plaintiff simply by being assigned to the same housing unit. Still others recalled specific issues with Plaintiff such as writing him an infraction. Each individual denied conspiring to cause Plaintiff harm. Likewise, the inmates interviewed denied any knowledge of a conspiracy to solicit inmates to harm Plaintiff.   Paper No. 18, Ex. A, Civil Action No. AW-09-1984.  Simply stated, no evidence was adduced in support of Plaintiff's claim. To the contrary, Plaintiff's medical records suggest that he suffers from paranoia and delusions. *Id*.

To establish a civil conspiracy under § 1983, Plaintiff must present evidence that Defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir.1996). An essential element for a claim of conspiracy to deprive Plaintiff of a constitutional right is an agreement to do so among the alleged co-conspirators. *See Ballinger v. N.C. Agric. Extension Serv*., 815 F.2d 1001, 1006-07 (4th Cir.1987). Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagon v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir.1981). Plaintiff must allege facts establishing that defendants shared a "unity of purpose or a common design" to injure him. *Am.*

---

[2] DOC does not permit prisoners to pursue ARP claims for matters referred to the Internal Investigation Unit. *See*

*Tobacco Co. v. United St*ates, 328 U.S. 781, 809-10 (1946). A conclusory allegation of a conspiracy such as is made in this case is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted); *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md). In the instant case, Plaintiff has failed to allege facts sufficient to conclude that there was an agreement between any of the named Defendants to deprive Plaintiff of his constitutional rights.

## Conclusion

Defendants Stacey Bell, Apera Bell and Alonzo Owens's Motion for Summary Judgment (Paper No. 44, Civil Action No. AW-08-2156) is granted. Defendants Juknelis and Amaghionyeodiwe's Motion for Summary Judgment (Paper No. 12, Civil Action No. AW-09-1984) is granted. Plaintiff's Motion for Summary Judgment (Paper No. 14 and 19) is denied. Judgment shall be entered in favor of these Defendants and against Plaintiff. Plaintiff's Complaints (Civil Action Nos. AW-08-3487and AW-09-2051) are dismissed without prejudice, as they are entirely conclusory in nature and none of the named defendants has been served with process. A separate order follows.

Date: July 7, 2010 _____/s/_____
Alexander Williams, Jr.
United States District Judge

---

*Davis v. Rouse,* WDQ-08-3106, Paper No. 23, Ex. B-1.